The Honorable Samuel R. Shorstein Secretary Department of Professional Regulation 130 North Monroe Street Tallahassee, Florida 32301
Dear Secretary Shorstein:
At the request and on behalf of the Florida Real Estate Commission, you have requested an opinion on substantially the following question:
 WHEN IS A MOBILE HOME CONSIDERED REAL ESTATE, THEREFORE REQUIRING A REAL ESTATE LICENSEE TO SELL THE LAND AND THE MOBILE HOME; AND WHEN IS A MOBILE HOME CONSIDERED CHATTEL, THEREFORE PERMITTING A MOBILE HOME DEALER TO SELL THE MOBILE HOME?
Section 475.42(1)(2), F.S., provides that `[n]o person shall operate as a broker or salesman without being the holder of a valid and current license therefore.' The term `broker' is defined to mean a person who, among other things, `for another, and for a compensation . . . sells . . . or negotiate[s] the sale . . . [of] any real property or any interest in or concerning the same . . . or who takes any part in the procuring of sellers, purchasers, lessors, or lessees of . . . the real property of another, or leases, or interest therein . . . .' Section 475.01(3), F.S. Section 475.01(4) defines `salesman' to mean a person who performs, among other things, any of the aforementioned acts within the quoted definition of `broker,' but who performs such acts under the direction, control, or management of another person. For the purposes of Ch. 475, F.S., `[r]eal property' or `real estate' means inter alia, `[a]ny interest or estate in land . . . .' The term does not, however, include the renting of a mobile home lot in a mobile home park. Section 475.01(6), F.S.
Section 320.77(1)(a), F.S., as amended by s 9 of Ch. 82-66, Laws of Florida, defines a mobile home dealer to mean any person engaged in the business of buying, selling or dealing in mobile homes, or offering or displaying mobile homes for sale. The amended statute further provides:
 The term `dealer' includes any person engaged in the business of `mobile home . . . broker,' which is hereby defined as any person engaged in the business of offering to procure or procuring mobile homes . . . for the general public, or who holds himself out through solicitation, advertisement, or otherwise as one who offers to procure or procures mobile homes . . . for the general public, or who acts as the agent or middleman on behalf of the owner or seller of a mobile home which is for sale or who assists or represents the seller in finding a buyer for the mobile home. Any person who buys, sells, deals in, or offers or displays for sale, or who acts as the agent for the sale of one or more mobile homes . . . in any 12-month period shall be prima facie presumed to be a dealer.
Section 320.77(1)(a), F.S., as amended, does not in terms purport to nor does it authorize mobile home dealers or mobile home brokers to engage in the business of buying, selling, or dealing in real property, or to act as the agency or middleman on behalf of the owner or seller of any real estate or real property which is for sale, or to assist or represent the seller in finding a buyer for real property.
Your question is governed by the law of fixtures. See generally, 27 Fla.Jur.2d Fixtures p. 59, et seq. See also, 6 Fla. Digest Fixtures s 1, et seq. Whether a mobile home is personal property or real property in a particular case, or whether a mobile home which may have become realty by physical annexation or affixation to the realty may, by serverance, become personalty again is a mixed question of fact and law. See, Commercial Finance Co. v. Brooksville Motel Co., 123 So. 814 (Fla. 1929); Illinois Grain Corp. v. Schleman, 114 So.2d 307 (Fla. 1954). There does not appear to be any general rule of law which would be applicable to all cases. Therefore, I am unable to categorically or conclusively state when any particular mobile hom is or is considered to be realty or personalty in any particular case.
Section 320.015, F.S., provides in pertinent part that `[a] mobile home is to be considered real property only when the owner of the mobile home is also the owner of the land on which the mobile home is situated and said mobile home is permanently affixed thereto.' (e.s.) See also, s 193.07, F.S. When the owner of the mobile home and the land on which the mobile home is placed meets this condition or when the mobile home and the realty to which it is affixed has been classified and assessed on the local real property assessment roll and taxed as real property, it may be presumed for the purposes of Ch. 475 that the mobile home is realty or a part thereof, and the sale of the real property by any person other than the owner or those persons exempted in s475.011, F.S., would be governed by the applicable regulatory provisions of Ch. 475, unless such person properly proves that he was not acting or attempting to act as a broker or salesman in violation of s 475.42, F.S., and that the property sold was not in fact realty but personalty. See also, s 475.4o, F.S. However, if such owner of the mobile home and the land to which it has been annexed has properly severed or removed the mobile home from the land or contracted to sell and deliver only the mobile home itself (with subsequent removal and location elsewhere by the purchaser), the mobile home may be considered or found by the courts to be personalty. In such case, the sale of the mobile home as personalty would not be governed by the regulatory provisions of or penalties prescribed by Ch. 475. See generallo, 27 Fla.Jur.2d Fixtures s 8.
In summary, until legislatively or judicially determined otherwise, I conclude that when the owner of a mobile home and of the land on which the mobile home is located has permanently affixed the mobile home to the realty, or when any such mobile home and the realty to which it is affixed has been classified and assessed on the local real property assessment roll and taxed as real property, it may be presumed for the purpose of the law regulating real estate brokers and salesmen, Ch. 475, F.S., that any such mobile home is realty or a part thereof. However, if any such owner of a mobile home and of the land on which it has been annexed has properly severed the mobile home from the realty, or contracted to sell and deliver the mobile home to another to be removed and located elsewhere, the mobile home may well be considered or found by the courts to be personalty. In such latter case, the sale of the mobile home as personalty would not be governed by the regulatory provisions of or penalties prescribed by Ch. 475.
Sincerely,
Jim Smith, Attorney General
Prepared by: Jeffrey A. Miller, Assistant Attorney General